

# The Attorney General of Texas

December 30, 1983

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

)01 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Thomas F. Lee
District Attorney
P. O. Box 1405
Del Rio, Texas    78840

Opinion No. JM-118

Re: Whether article XVI, section 40 of the Texas Constitution prevents a school teacher working under a federally funded program from receiving compensation for service as a city councilman

Dear Mr. Lee:

You have asked whether article XVI, section 40, of the Texas Constitution prevents public school teachers who work under federally funded programs from receiving compensation for service as city councilmen. We conclude that since such persons receive at least part of their compensation from state funds, they may serve simultaneously as public school teachers and as members of a city council only if they receive no salary for service on the city council.

Article XVI, section 40, of the Texas Constitution provides, in pertinent part, that

> [S]tate employees or other individuals who receive all or part of their compensation either directly or indirectly from funds of the State of Texas and who are not State officers, shall not be barred from serving as members of the governing bodies of school districts, cities, towns, or other local governmental districts; provided, however, that such State employees or other individuals shall receive no salary for serving as members of such governing bodies.

Since it is clear that a public school teacher may not receive a salary for service on a city council if any part of the teacher's compensation is derived directly or indirectly from state funds, the question is whether the teachers you describe are compensated by state funds within the meaning of article XVI, section 40. See Attorney General Opinion MW-230 (1980).

Two of the teachers are employed by the school district as directors of programs enacted by the Elementary and Secondary Education Act, which are referred to as a Title I, Regular Program, and Title I, Migrant Program. See Public Law 97-35, title 5, subtitle D, chapter 1, sections 551-560, codified as 20 USCA §§3801 et seq. Funding from the federal government for these programs is deposited in the state treasury in H.E.W. Fund No. 148 and is appropriated to the Texas Central Education Agency by the Texas Legislature. See General Appropriations Act, Acts 1983, 68th Leg., ch. 1095, art. III, §1, at III-2. The funds in question are administered by the Texas Education Agency and forwarded to the school district by state warrants. Federal funds deposited in the state treasury become state funds. See Attorney General Opinion C-530 at 2529 (1965).

You also describe a teacher who is employed by the school district as director of a program enacted by the Elementary and Secondary Education Act, which is referred to as a Title VII, Bilingual Education Program. See Bilingual Education Act, codified as 20 USCA §§3221-3261. Federal funding for this program is forwarded directly to the school district from the federal government and is deposited in a Designated Purpose Fund in which the school district places other federal, state, and local funds.

You advise that each of the described teachers participates in the State Retirement System, which is administered by a state agency, and each teacher makes the employee's contribution to the system. The employer's contribution is paid from the federal program funds. A provision of the Teacher Retirement System requires that, if an employer applies for money provided by the United States or an agency of the United States and if any of the money will pay part or all of an employee's salary, the employer shall apply for available money to pay the required state contribution to the retirement system. When an employer receives money for the state contribution from an application made in accordance with that provision, the employer shall immediately send the money to the retirement system for deposit in the general revenue fund of the state treasury. See V.T.C.S. Title 110B, Public Retirement Systems, §35.405. As we already have noted, federal funds deposited in the state treasury become state funds subject to appropriation. See Attorney General Opinion WW-565 (1959). The legislature appropriates the required state contribution to the Teacher Retirement System out of the general revenue fund. See General Appropriations Act, Acts 1983, 68th Leg., ch. 1095, art. III, §1, at III-18. Retirement benefits, including future benefits, are compensation. See Byrd v. City of Dallas, 6 S.W.2d 738 (Tex. 1928); Attorney General Opinion M-413 (1969); Letter Advisory No. 154 (1978).

Therefore, we conclude that each of the teachers in question receives part of his compensation indirectly from funds of the state

and may serve on a city council only if he receives no salary for service on the city council.

## S U M M A R Y

Certain public school teachers who work under particular federally funded programs receive at least part of their compensation from state funds. Therefore, article XVI, section 40, of the Texas Constitution permits such teachers to serve as members of a city council only if they receive no salary for service on the city council.

Very truly yours,

JIM   MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by Nancy Sutton
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Colin Carl
Susan Garrison
Jim Moellinger
Nancy Sutton
Bruce Youngblood